IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PETER W. HEIDT,

    Plaintiff,

vs.                                                                                                     Civ. No.  09-905 JP/RHS

WILLIAM P. HEIDT and
ALETA HEIDT,

    Defendants.

MEMORANDUM OPINION AND ORDER

On January 7, 2010, Plaintiff filed a Motion to Reconsider Order of Dismissal (Doc. No. 21)(Motion to Reconsider) in which he requests that the Court reconsider and withdraw its Final Order Dismissing Lawsuit Without Prejudice (Doc. No. 20)(Dismissal Order), filed December 21, 2009.  Having reviewed the briefs and relevant law, the Court determines that the Motion to Reconsider should be denied.

*A.  Background*

On September 24, 2009, Defendants filed a Motion to Dismiss Pursuant to Rule 12(b)(2), Motion to Dismiss Pursuant to Rule 12(b)(3), Motion to Transfer Due to Forum Non Conveniens, and Motion for a More Definite Statement (Doc. No. 4)(collectively, Motion to Dismiss).  On December 21, 2009, the Court granted the Motion to Dismiss under Fed. R. Civ. P. 12(b)(2) because the Court lacked personal jurisdiction over the Defendants.  Memorandum Opinion and Order (Doc. No. 19).  In analyzing whether the Court had personal jurisdiction over the Defendants, the Court first concluded that the New Mexico long-arm statute did not apply to Defendant Aleta Heidt and the Court, therefore, could not exercise personal jurisdiction over her. *Id*. at 12.  Next, the Court decided that the New Mexico long-arm statute applied to Defendant

William Heidt and then analyzed whether due process considerations would allow the Court to exercise personal jurisdiction over him. *Id*. at 11-18. The due process analysis required the Court to determine, first, if Defendant William Heidt had minimum contacts with New Mexico, and second, to determine if traditional notions of fair play and substantial justice would justify this Court's exercise of personal jurisdiction over Defendant William Heidt. *Id*. at 13-18. Although the Court found that Defendant William Heidt had sufficient minimum contacts with New Mexico, the Court concluded that traditional notions of fair play and substantial justice prevented this Court from exercising personal jurisdiction over him. *Id*.

*B. Standard of Review*

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A litigant who seeks reconsideration of an adverse judgment by the district court may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Id*. A Rule 59(e) motion must be filed within "28 days after the entry of the judgment." Rule 59(e). Here, the Motion to Reconsider was filed within "28 days after the entry of the judgment." The Court will, therefore, construe the Motion to Reconsider as a Rule 59(e) motion to alter or amend judgment. *See Van Skiver*, 952 F.2d at 1243 (motion to reconsider filed within Rule 59(e) time limit for filing motion should be construed as a Rule 59(e) motion).

A Rule 59(e) motion should be granted only upon the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)(citation omitted). In other words, a Rule 59(e) motion may be

appropriate "where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*  A Rule 59(e) motion is, however, an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Id.*

*C. Discussion*

The Court notes that Plaintiff does not argue in his Motion to Reconsider that there has been "an intervening change in the controlling law" or that there is "new evidence" which was not previously available.  Hence, the Court's analysis of the Rule 59(e) motion will focus on the "clear error" and "manifest injustice" grounds for granting Rule 59(e) relief.

The Plaintiff argues first that

> the court failed to consider the option of dismissing the complaint against Defendant Aleta Heidt, while retaining jurisdiction in New Mexico as to Defendant William Heidt. The court stated in its Memorandum Opinion And [sic] Order that Plaintiff "has made a prima facie [sic] showing that Defendant William Heidt had sufficient minimum contacts with New Mexico to support this Court's exercise of personal jurisdiction over him."

Motion to Reconsider at 1.  Although the Court found that Defendant William Heidt had sufficient minimum contacts with New Mexico, the Plaintiff ignores the remainder of the Memorandum Opinion and Order in which the Court determined that traditional notions of fair play and substantial justice prevented the Court from exercising personal jurisdiction over Defendant William Heidt.  Plaintiff's first argument in support of Rule 59(e) relief is without merit.

Plaintiff also argues for the first time that the forum state is "irrelevant" because "[m]odern procedural rules provide for the authentication and introduction of exhibits such as receipts, bank account records and cancelled checks without the personal testimony of the records custodian."  Motion to Reconsider at 1.  Even if the testimony of records custodians

would be unnecessary in this case, Plaintiff does not address the other factors the Court considered in concluding that traditional notions of fair play and substantial justice would prevent this Court from exercising personal jurisdiction over Defendant William Heidt. Those factors include the burden on Defendant William Heidt in defending a case in New Mexico; the location of the majority of other witnesses on the East Coast; the Settlement Agreement's provision that it be interpreted by New York law; the prevention of piecemeal litigation if litigation against Defendant Aleta Heidt is initiated in a forum state other than New Mexico; and the substantive social policy interest New York, New Jersey, and New Hampshire have in protecting minor children from parents who steal money from their children. Memorandum Opinion and Order at 15-17. Moreover, a Rule 59(e) motion is not appropriate to "advance arguments that could have been raised in prior briefing," *Servants of the Paraclete*, 204 F.3d at 1012 (citation omitted), nor is a Rule 59(e) motion appropriate to give "a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed," *Jones v. Wildgen*, 349 F.Supp.2d 1358, 1360-61 (D. Kan. 2004). The Court, therefore, rejects Plaintiff's belated argument that the forum state is "irrelevant" due to "modern procedural rules."

Next, Plaintiff asserts that the Court should withdraw the Dismissal Order because New Mexico law would apply to his claim that Defendant William Heidt committed the tort of conversion in New Mexico.[1] That assertion may well be true, but Plaintiff further alleged in his Complaint for Damages for Fraud, Conversion and for Specific Performance (Doc. No. 1-

---

[1] Plaintiff also alleges without any factual support that Defendant William Heidt "filed a false affidavit in federal court in New Mexico and committed perjury in this state." Motion to Reconsider at 1. The Court will disregard this unsubstantiated allegation.

2)(Complaint) that Defendant William Heidt, with Defendant Aleta Heidt's knowledge and participation, unlawfully withdrew most of Plaintiff's settlement fund money while Plaintiff was a minor living outside of New Mexico.  The conversion claim would, therefore, also include alleged improper conduct in states other than New Mexico.  Plaintiff's assertion that application of New Mexico conversion law justifies a withdrawal of the Dismissal Order is unpersuasive.

    Finally, Plaintiff complains that if the Dismissal Order stands he would be "left guessing as to where this case should be re-filed." Motion to Reconsider at 2.  It is not the Court's function to advise plaintiffs on where to file their lawsuits. Defendants suggest that Rhode Island would be a proper venue and that, as residents of Rhode Island, they would be subject to personal jurisdiction in that state.

*D. Conclusion*

    Plaintiff has failed to show that the Court committed clear error or manifest injustice when it determined that it cannot exercise personal jurisdiction over the Defendants.  Hence, the Motion to Reconsider should be denied for not meeting the Rule 59(e) standard for altering or amending a judgment.

    IT IS ORDERED that Plaintiff's Motion to Reconsider Order of Dismissal (Doc. No. 21) is denied.

                                      */s/ James A. Parker*
                                 SENIOR UNITED STATES DISTRICT JUDGE